BRIGHT, Senior Circuit Judge,
separately concurring:
I agree that this court’s recently announced decision in Nance v. Maxwell Federal Credit Union (11th Cir. (Ala.)), controls the disposition of the case now before us. It is now the rule, at least in this circuit, that unless there is an “enforceable judgment” — irrespective of whether a defendant has been found liable for unlawful discrimination — attorney’s fees are not available under the ADEA. I therefore concur in the result reached by our panel.
*1247 If I were to decide this issue on a clean slate, however, I would not so hold. Although the Supreme Court’s opinion in Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), and its progeny generally limit the availability of attorney’s fees under both Title VII and 42 U.S.C. § 1988(b), it is not at all clear to me that such limitations should be adopted wholesale in to the developing law of the ADEA. While it is true that the ADEA joins the aforementioned statutes under the nominal banner of federal civil rights legislation, the structure and relevant language of the ADEA are significantly different than those of the analogous sections of either Title VII or § 1988(b). The substitution of the phrase “any judgment” for “prevailing party” is an important modification, and I believe it warrants a different analysis.